UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KEVIN EVANS,

        Petitioner,

                              CASE NO. 1:16-CV-441

v.

                              HON. ROBERT J. JONKER

SHANE JACKSON,

        Respondent.

_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

The Magistrate Judge's Report and Recommendation (ECF No. 7) recommends denying this petition for habeus corpus relief. The Report finds the petition to be time barred as it was filed outside the one-year statute of limitations. (ECF No. 7, PageID.36). Petitioner objected, stating he had in fact filed timely direct appeals, and had filed a motion for relief in the state court that "tolled the clock on the habeus petition." (ECF No. 8, PageID.38).

Under the Federal Rules of Civil Procedure, where, as here, a party has objected to portions of a Report and Recommendation, "[t]he district judge . . . has a duty to reject the magistrate judge's recommendation unless, on de novo reconsideration, he or she finds it justified."  12 WRIGHT, MILLER, & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 3070.2, at 381 (2d ed. 1997). Specifically, the Rules provide that:

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to.  The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

FED. R. CIV. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1)(C). De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge. *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981).

Petitioner objects to the Magistrate Judge's finding that the statue of limitations had long run on the habeus petition, claiming that he had filed timely direct appeals in the state court. (ECF No. 8, PageID.38). Petitioner stated he did "not have the Full case numbers of the Direct Appeal and that the Appeals were correctly and timely filed, therefore, there is no basis for the Magistrates report being granted." (ECF No. 8, PageID.39). However, the only public record of Petitioner's activity in the Michigan Court of Appeals is the filing in 2015 discussed by the Magistrate Judge. (ECF No. 7, PageID.31). Petitioner had been sentenced in 2012 and failed to timely appeal that, (ECF No. 7, PageID.31), so the statute of limitations on his habeus petition began to run at the "expiration of time for seeking such [direct appellate] review." 28 U.S.C. § 2244(d)(1)(A). The applicable statute of limitations had long run when this petition was filed, and Petitioner has not shown a basis for equitable tolling. In short, the public records of Michigan Courts clearly support the finding of the Magistrate Judge, not the position of Petitioner in his objection. The objection is therefore overruled.

## Certificate of Appealability

Under the Antiterrorism and Effective Death Penalty Act, a petitioner may not appeal in a habeas corpus case unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1). The Federal Rules of Appellate Procedure extend to district judges the authority to issue certificates of appealability. FED. R. APP. P. 22(b); *see also*, *Castro v. United States*, 310 F.3d 900, 901-02 (6th Cir. 2002) (the district judge "must issue or deny a [certificate of appealability] if an applicant files a notice of appeal pursuant to the explicit requirements of Federal Rule of

2

Appellate Procedure 22(b)(1)"). However, a certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

To obtain a certificate of appealability, Petitioner must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Miller-El v. Cockrell*, 537 U.S. 322, 338 (2003) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). While Petitioner is not required to establish that "some jurists would grant the petition for habeas corpus," he "must prove 'something more than an absence of frivolity' or the existence of mere 'good faith.'" *Id.* (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)). In this case, Petitioner has not made a substantial showing of the denial of a constitutional right. Therefore, he is not entitled to a certificate of appealability.

**IT IS THEREFORE ORDERED THAT:**

- Petitioner's Objection (ECF No. 8) is OVERRULED.

- The Report and Recommendation of the Magistrate Judge (ECF No. 7) is APPROVED and ADOPTED as the opinion of this Court.

- The petition for habeus corpus relief (ECF No. 1) is DENIED.

- A certificate of appealability is DENIED.

- This case is TERMINATED.

**IT IS SO ORDERED.**

                                                /s/Robert J. Jonker
                                                Robert J. Jonker
                                          Chief United States District Judge

Dated: August 5, 2016